UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 25-1123 JGB (DTBx)** | Date | March 10, 2026 |
|---|---|---|---|
| Title | ***Kathy Kachaturian, et al. v. Jason Serio, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order to Show Cause re Dismissal for Failure to Prosecute (IN CHAMBERS)**

On May 7, 2025, Plaintiffs Kathy Kachaturian and Noel Kachaturian ("Plaintiffs") filed a complaint against Defendants Jason Serio, The Serio Group LLC, Serio Realty LLC, Safeguard Homes LLC, Safeguard Credit Counseling Services Inc., Modern Realty Group LLC, Kiavi Funding Inc., Kevin Smith, Bogdan Czerwinski, Michael Smith, and Does 1-10.  ("Complaint," Dkt. No. 1.) On November 7, 2025, the Court dismissed Defendants Safeguard Homes LLC, Safeguard Credit Counseling Services Inc, Kiavi Funding Inc, Kevin Smith, and Michael Smith.  (Dkt. No. 113.)

In the meantime, on May 22, 2025, Plaintiffs filed proofs of service as to Defendants The Serio Group LLC, Serio Realty LLC, Jason Serio, and Bogdan Czerwinski.  (Dkt. Nos. 20-22, 24.) All required an answer to be filed by June 4, 2025.  (Id.)  Additionally, on May 28, 2025, Plaintiffs filed proof of service on Modern Realty Group LLC with an answer due on June 4, 2025.  (Dkt. No. 31.)  Then, on June 30, 2025, Plaintiffs again filed a proof of service for Modern Realty Group LLC with an answer due on July 17, 2025.  (Dkt. No. 64.)  Plaintiffs also appear to have filed additional proofs of service made on July 14, 2025, for Defendants Jason Serio, The Serio Group LLC, Serio Realty LLC, and Bogdan Czerwinski.  (Dkt. Nos. 78-81.)  Those defendants have not filed any answers in this case, nor otherwise appeared.

//
//
//

---

Page **1** of **2**          **CIVIL MINUTES—GENERAL**          Initials of Deputy Clerk NP

Per Plaintiffs' request, the clerk entered default as to Defendants Jason Serio, The Serio Group LLC, Serio Realty LLC, and Bogan Czerwinski on July 23, 2025. (Dkt. No. 86.) Plaintiffs do not appear to have ever requested default be entered as to Modern Realty Group LLC.

Following the entry of default, Plaintiffs filed what appear to be two motions for default judgment: one against Jason Serio, The Serio Group LLC, Serio Realty LLC, (the "Serio Defendants") and the other against Czerwinski. (Dkt. Nos. 99, 100.) Those motions were not properly noticed for hearing dates, nor is there any evidence that they were properly served upon the Serio Defendants or Czerwinski.

Federal Rule of Civil Procedure 41(b) grants the Court authority to sua sponte dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Here, there are several apparent failures to prosecute.

First, Plaintiffs have not requested entry of default as to Defendant Modern Realty Group LLC. Second, Plaintiffs have not properly moved for default judgment against those defendants for whom default was entered by the clerk.

Accordingly, the Court **ORDERS** Plaintiffs as follows:

- Plaintiffs must either request entry of default as to Defendant Modern Realty Group LLC from the clerk or dismiss Modern Realty Group LLC as a defendant **on or before March 23, 2026**; and
- Within 21 days of the clerk entering default as to Modern Realty Group LLC or within 14 days of Plaintiffs dismissing Modern Realty Group LLC from this action, Plaintiffs must file a single properly noticed motion for default judgment against all defendants for whom default has been entered. The motion must be filed in accordance with the Local Rules and this Court's standing order.

Failure to comply with this order—including failure to properly notice the motion for default consistent with the Local Rules and this Court's standing order—may result in dismissal of the action with prejudice and without further notice to Plaintiffs. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court finds that this matter is appropriate for submission without oral argument.

**IT IS SO ORDERED.**